IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ANDERSON BLADIMIR MENDEZ
DIAZ,                                    §
                                         §
                                         §
    Petitioner,                          §
                                         §
v.                                       §     CAUSE NO. EP-26-CV-692-KC
                                         §
MARKWAYNE MULLIN et al.,                 §
                                         §
                                         §
    Respondents.                         §

## SHOW CAUSE ORDER

On this day, the Court considered Anderson Bladimir Mendez Diaz's Petition for a Writ

of Habeas Corpus, ECF No. 1, and Motion for Temporary Restraining Order ("TRO Motion"),

ECF No. 2.  Mendez Diaz is detained at the El Paso Service Processing Center in El Paso, Texas.

Pet. ¶ 2.  He argues that his detention is unlawful and asks the Court to order his release or a

bond hearing.  *Id.* ¶¶ 110–22; *id.* at 50.

Mendez Diaz is a citizen of Guatemala and he has been in the country since 2018.  *Id.* ¶

21.  He was apprehended and detained by immigration authorities for the first time on August 11,

2025, when he was informed that his daughter had been detained at the border and presented

himself to immigration authorities in order to sponsor her.  *Id.* ¶¶ 21, 23.  As alleged, his case

appears materially indistinguishable from several others in which this Court has found a

procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL

2965859, at *1–5 (W.D. Tex. Oct. 21, 2025).  Of course, Respondents are nevertheless permitted

to state their position before a ruling.  In doing so, Respondents are encouraged to avoid

boilerplate arguments that this Court has already rejected.  Absent new authority, they may

assume that the Court's position on the law has not changed and explain whether the facts of

Mendez Diaz's case warrant a different outcome.

Mendez Diaz concurrently seeks a TRO for his immediate release, or alternatively, a

prompt bond hearing.  Mot. 30.  Even crediting Mendez Diaz's likelihood of success on the

merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have

an opportunity to respond.  *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL

486610, at \*4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631

(S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to

'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations

omitted).  Thus, his TRO Motion is denied.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March**</u>

<u>**18, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-*

*Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at \*2 & n.1 (W.D. Tex. Aug. 26,

2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if

necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that Mendez Diaz's TRO Motion, ECF No. 2, is

**DENIED**.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the

Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order

on the respondent[s] . . . .").

3

**SO ORDERED**.

**SIGNED this 11th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3