IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ANDERSON BLADIMIR MENDEZ DIAZ,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-692-KC** |
| **MARKWAYNE MULLIN et al.,** | § § § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Anderson Bladimir Mendez Diaz's Petition for a Writ of Habeas Corpus, ECF No. 1. Mendez Diaz is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 110–22; *id.* at 50.

Mendez Diaz is a citizen of Guatemala and he has been in the country since 2018. *Id.* ¶ 21. He was apprehended and detained by immigration authorities for the first time on August 11, 2025, when he was informed that his daughter had been detained at the border and presented himself to immigration authorities in order to sponsor her. *Id.* ¶¶ 21, 23. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Mendez Diaz's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Mendez Diaz's case warrant a different outcome." *Id.* at 1–2.

Respondents argue that Mendez Diaz's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 4.

Mendez Diaz argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory and constitutional due process grounds.  Pet. ¶¶ 110–22.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Mendez Diaz's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citation omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–25, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025

WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Because Respondents have not identified any material differences between Mendez Diaz's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Mendez Diaz's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Mendez Diaz's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

Separately, Mendez Diaz has named Markwayne Mullin, as acting secretary of the Department of Homeland Security ("DHS"), as a Respondent.  However, Markwayne Mullin, although nominated for the secretary position, has not been confirmed, and he is also not acting secretary.  Thus, he is not a proper party to this action.  Accordingly, the Court **ORDERS** Petitioner to amend his petition and name the correct party, **by no later than March 27, 2026**.

**IT IS FURTHER ORDERED** that, **on or before March 27, 2026**, Respondents shall either: (1) provide Mendez Diaz with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Mendez Diaz's continued detention; or (2) release Mendez Diaz from custody, under reasonable conditions of supervision.

---

[1] The relevant facts are undisputed, *see* Resp. 3, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Mendez Diaz's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that, <u>**on or before March 27, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Mendez Diaz has been released from custody.  If Mendez Diaz has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Mendez Diaz is released from custody, Respondents shall **RETURN** all of his personal property in Respondents' custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the March 27, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 20th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE